WALKER STEVENS CANNOM LLP
Hannah L. Cannom (SBN 245635)
hcannom@wscllp.com
Bethany M. Stevens (SBN 245672)
bstevens@wscllp.com
500 Molino Street #118
Los Angeles, CA 90013
Telephone:   (213) 337-9972
Facsimile:    (213) 403-4906

*Attorneys for Non-Party Apple Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION | Case No.: 3:22-mc-80140<br><br>(MDL Case No. 2:15-ml-02668-PSG (JEMx); pending in C.D. Cal.)<br><br>NON-PARTY APPLE INC.'S NOTICE OF MOTION AND MOTION TO QUASH PLAINTIFFS' SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>[REDACTED VERSION]<br><br>Date:<br>Time: |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that on a date and time to be determined by the Court, California resident and non-party Apple Inc. will and hereby does move, pursuant to Federal Rule of Civil Procedure 45(d), for an order quashing the Subpoena to Produce Documents in a Civil Action (the "Subpoena") served upon it by Plaintiffs in *In re National Football League's "Sunday Ticket" Antitrust Litigation*, Case No. 2:15-ml-02668-PSG (JEMx), pending in the United States District Court for the Central District of California.

Apple moves to quash these Subpoena in the United States District Court for the Northern District of California, which is the district of compliance with the Subpoena pursuant to Rule 45(c)(2) of the Federal Rules of Civil Procedure. Pursuant to Civil Local Rule 37-1, counsel met and conferred regarding this motion on May 27, 2022.

Apple makes this motion based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declarations of Bethany Stevens and Steve Smith in support thereof, the files and records in this case, and any argument as may be presented at the hearing on the Motion.

## STATEMENT OF THE ISSUES

1. Should the Court consider this Motion to Quash because it is the District where compliance is required pursuant to Fed. R. Civ. P. 45(d)(3)(A) and Plaintiffs cannot establish exceptional circumstances to transfer the motion that outweigh Apple's interests in having the motion resolved locally?

2. Should the Court quash Plaintiffs' Subpoena to non-party Apple under Federal Rule of Civil Procedure 45(d)(3)(A) because it subjects Apple to undue burden, including because it seeks irrelevant and disproportionate discovery of ████████████ ████████████████████████████████████?

| | |
|---|---|
| Dated this 31st day of May, 2022 | WALKER STEVENS CANNOM LLP |
| | _/s/ Hannah L. Cannom_ |
| | Hannah L. Cannom |
| | *Attorneys for Non-Party Apple Inc.* |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Apple is not a party to this litigation, and the parties' claims and defenses have nothing to do with Apple or its business practices. The underlying case was filed in 2015 and concerns DirecTV's NFL Sunday Ticket offering, apparently stemming from a 2014 deal between DirecTV and the NFL. Approximately seven years after the challenged NFL agreement, Plaintiffs — ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ — issued a vast subpoena to Apple that includes twenty boundless document requests, some with up to seven subparts, related to non-party Apple's ████████████████████████████████████████████ ██████████████████████████████████████████████ Unlike other non-parties from whom Plaintiffs have sought discovery in this case, it is undisputed that ██ ██████████████████████████████████████████████████████████████████████ ████████████████████████████

In serving the Subpoena, in subsequent negotiations with Apple, and even in motion practice to enforce the Subpoena, Plaintiffs have ignored their obligations under Federal Rule of Civil Procedure 45 to avoid imposing an undue burden on a non-party. First, Plaintiffs have failed to take reasonable steps to avoid unduly burdening non-party Apple by demanding ████ ██████████████████████████████████████████████████████████████████████ For its part, Apple has worked diligently to try to reach agreement with Plaintiffs on a narrowed scope of the subpoena ████████████████████████████████████████ ██████████████████████████████████████████████████████████. As of this writing, Apple has either produced, offered to produce, ███████████████████████████ ██████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████

NON-PARTY APPLE INC.'S NOTICE OF MOTION AND MOTION TO QUASH PLAINTIFFS' SUBPOENA;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
- 1 -

1  ██████████████████████████████████████████████████████████████████████████

2  ██████████████████████████████████████████████████████████████████████████████

3  ████████████████. In contrast to non-party Apple's continuing efforts, Plaintiffs did not appear

4  to have even reviewed ███████████████████████████████████████████████ when

5  initiating the Central District of California's local process for moving to compel further

6  production from Apple. █████████████████████████████████████████████████

7  ██████████████████████████████████████████████████████████████████████████████

8  ██████████████████████████████████████████████████████████████████████████

9  ██████████████████████████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████████████████████████

11 ████████████████████████████████████████

12         Plaintiffs' demands for additional ████████████ documents should fail, in the first

13 instance, because such documents have scant, if any, relevance to the underlying case, especially

14 in view of the documents that Apple and the NFL have already produced. ███████████████

15 ██████████████████████████████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████████████████████████

17 ██████████████████████████████████████████████████████████████████████████████

18 ██████████████████████████████████████████████████████████████████████████████

19 ███████████████████████████████████████████████████████████

20 ████████████████████████████████████████████████████████████████ Plaintiffs have

21 already received such information — primarily via party discovery from the NFL (as is

22 appropriate), but also from Apple or informed by Apple's collection and review. ██████████

23 ██████████████████████████████████████████████████████████████████████████████

24 ██████████████████████████████████████████████████████████████████████████████

25 █████████████████████████████████████████████. Plaintiffs have not shown and cannot

26 show that (i) the additional documents they demand ████████████████████████████████

27 ████████████████████████████████████████████████████████████████████ — are

28

relevant to their case and/or (ii) any such relevance exceeds the indisputable burden to non-party Apple of producing ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ the Subpoena, to the extent it demands such documents, should be quashed.

The burden on non-party Apple has been compounded by Plaintiffs' refusal to move to enforce its Subpoena in this Court. Per Rule 45(f), this Court — as the court in the district where compliance with the Subpoena is required — should address any Subpoena-related motion, unless it orders transfer of the motion to the court where the action is pending. Fed. R. Civ. P. 45(f). Here, Plaintiffs have simply proceeded with a near-concurrent filing of a Motion to Compel in the Central District of California as if Rule 45 does not apply to them. They did not seek or obtain Apple's consent to transfer or seek permissive transfer of its motion by any Court in this district, and have not made the requisite showing that "exceptional circumstances" exist and outweigh the interests of Apple in having the subpoena resolved locally. *See* Fed. R. Civ. P. 45, Advisory Comm. Notes (2013 Amendments)). As a result, to avoid wavier of the jurisdiction of this Court, Apple had no choice but to file this Motion to Quash while simultaneously opposing Plaintiffs' Motion to Compel in the Central District of California.

## II. FACTUAL BACKGROUND

Apple received the Subpoena on or around September 21, 2021, and timely objected thereto on November 2, 2021. (*See* Declaration of Bethany M. Stevens in Support of Motion Quash Plaintiffs' Subpoena Inc. ("Stevens Decl.") at ¶¶ 2, 3, Exs. 1, 2.) The Subpoena includes, among other Requests, Request No. 4 ████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████ and Request Nos. 5, 6, 7, 8, 9, 10, 12, 13, 14 and 15 ████████████████████████████ ████████████████████████████████████████████████████████████████████). (*Id.* at ¶ 2, Ex. 1.) Since its initial letter objections to Plaintiffs, Apple has steadfastly (i) insisted on the jurisdiction of the Northern District of California with respect to any subpoena-related motion

practice and (ii) ███████████████████████████████████████. (*Id*. ¶¶ 3, 5, Exs. 2, 4.)

Plaintiffs first threatened to move to compel in December 2021, prior to any meaningful effort to work with Apple or address its concerns regarding the improper and overbroad scope of the subpoena. (*Id*. at ¶ 4, Ex. 3.) In connection with correspondence regarding Plaintiffs' December 2021 threatened motion to compel, and again in later meet and confers, Apple did not consent to the transfer of any subpoena-related motion out of the district where compliance was required (the Northern District of California). (*Id*. at ¶ 5, Ex. 4.)

In subsequent meet and confers, Apple worked diligently with a rotating cast of counsel for Plaintiffs to narrow the scope of the subpoena and investigate what documents Apple could produce, or work with the NFL to produce in party discovery, that would provide Plaintiffs with the information they sought without compromising ███████████████████ ███████████. (*Id*. at ¶ 7.) For example, to date, ██████████████████ ████████████████████████████████████████████████████████████████ ██████████ search for potentially responsive, non-privileged information. (*Id*. at ¶ 8.) Apple's counsel has also cooperated with the NFL's counsel to quickly review and consent to the production in party discovery of multiple NFL document productions containing or comprising ████████████████████████████████████████. (*Id*. at ¶ 9.) Further, in connection with the review of its documents, ██████████████████████ █████████████████████████████ that had not been produced to Plaintiffs, and worked with Plaintiffs and the NFL ████████████████████████████████ (*Id*. at ¶ 10.) As a result, Plaintiffs have already received information sufficient to show ████ ████████████████████████████████████████████████████████████████ ████████████████████████. (*Id*. at ¶¶ 9-11.) Apple also reviewed, redacted, and on May 20, 2022 produced ████████████████████████████ ████████████████████████. (*Id*. at ¶ 12.) Consistent with its objection to producing ████████████████████████████████████████████████████████████████
NON-PARTY APPLE INC.'S NOTICE OF MOTION AND MOTION TO QUASH PLAINTIFFS' SUBPOENA;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
- 4 -

███████ (*Id.*) Finally, Apple also undertook an investigation and confirmed that it has been unable to locate, after a reasonable search, any non-privileged documents responsive to certain requests in the Subpoena, including Request Nos. 11, 16, 17, 18, and 19. (*Id.* at ¶ 13.)

During the most recent meet and confers with Plaintiffs' counsel, it became clear that Plaintiffs failed to review not only the documents produced by Apple, but those most recently produced by the NFL ███████████, before initiating the Central District of California's process for bringing a motion to compel. (*Id.* at ¶ 14.) Further, in a final attempt to avoid motion practice, Apple offered to produce — ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. (*Id.* at ¶ 15.) Plaintiffs refused and confirmed they would move to compel ████████████████████. (*Id.* at ¶ 15, Ex. 5.)

In connection with this motion, Apple again reiterated it did not consent to the transfer of any subpoena-related motions out of the Northern District of California and urged Plaintiffs to file their motion here per Fed. R. Civ. P. 45(f). (*Id.* at ¶ 16, Ex. 3.) Apple agreed it would not oppose a motion to expedite briefing in connection with such a filing, in consideration of Plaintiffs' discovery deadlines. (*Id.*) Plaintiffs refused (again). (*Id.*) Instead, Plaintiffs have simply proceeded with a near-concurrent filing of a Motion to Compel in the Central District of California seeking to compel Apple to produce additional documents responsive to Request Nos. 4, 5, 6, 7, 8, 9, 10, 12, 13, 14 and 15. (*Id.* at ¶ 17.) They did not seek or obtain Apple's consent to transfer or seek permissive transfer of its motion by any Court in this district. (*Id.*) As a result, to avoid wavier of the jurisdiction of this Court, Apple had no choice but to file this Motion to Quash while simultaneously opposing Plaintiffs' Motion to Compel in the Central District of California.

In connection with its investigation, Apple has confirmed, and conveyed to Plaintiffs' counsel, that there is no "███████████████████████████████" responsive to the Subpoena's Request No. 4, ███████████████████████████████████ ████████████ (*Id.* at ¶ 18.) ████████████████████████████

██████████████████████ (Declaration of Apple Employee Steve Smith ("Smith Decl.") at ¶ 2.) ███████████████████████████████████████████████

██████████. (*Id.*) ███████████████████████████████████████. (*Id.* at ¶ 3.) ████████████████████

(*Id.* at ¶ 4 ████████████████████████████████. (*Id.* at ¶ 5.) █████████████████████████████████████████████████████ (*Id.* at ¶ 6.) █████████████████. (*Id.*) █████████████████████████████████

(*Id.* at ¶ 7.) ████████████████████. (*Id.* at ¶ 8.) ████████████████████████████████ (*Id.*)

### III. THE COURT SHOULD QUASH THE SUBPOENA

#### A. Legal Standard

Federal Rules of Civil Procedure 26 and 45 work in tandem to protect non-parties from unduly burdensome discovery requests. Rule 26 provides that the court must limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). In turn, Rule 45 requires "[a] party or attorney responsible for issuing and serving a subpoena [to] take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and instructs that "the court for the district where compliance is required must quash or modify a subpoena that … subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

The test for undue burden balances "the burden to the subpoenaed party against the value of the information to the serving party . . . ." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005). "Concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs in a Rule 45 inquiry." *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014) (internal quotations and citations omitted); *see also Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*, 123 F. Supp. 3d 1215, 1218-19 (N.D. Cal. 2015) ("the Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts") (citations omitted). "Once the nonparty shows that the requested information is a trade secret or confidential commercial information, the burden shifts to the requesting party to show a 'substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated.'" *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 684 (N.D. Cal. 2006) (quoting Fed. R. Civ. P. R. 45(d)(3)(C)).

Under Federal Rule of Civil Procedure 45, subpoena-related motions are to be addressed by the court where compliance with the subpoena is required pursuant to Rule 45(c). Fed. R. Civ. P. 45(f). A court may transfer a subpoena-related motion to the court where the action is pending

1  only if (1) the subpoenaed party consents, or (2) the subpoenaing party establishes that
2  "exceptional circumstances" exist to override the "prime concern" of avoiding burdens on local
3  nonparties subject to subpoenas. *See* Fed. R. Civ. P. 45, Advisory Comm. Notes (2013
4  Amendments).

### B. This Court Should Quash the Subpoena as Unduly Burdensome Because It Seeks ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

Plaintiffs have demanded Apple produce additional documents responsive to Request Nos. 4, 5, 6, 7, 8, 9, 10, 12, 13, 14 and 15. (Stevens Decl. at ¶ 17.) As a preliminary matter, Request No. 4 seeks ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉". (*Id.* at ¶ 2, Ex. 1.) As Plaintiffs well know, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ (*Id.* at ¶ 18.) It is unclear whether Plaintiffs are seeking documents in response to Request No. 4 that would be non-duplicative of those documents responsive to Requests Nos. 5, 6, 7, 8, 9, 10, 12, 13, 14 and 15. To the extent Plaintiffs are interpreting its Request No. 4 as broadly encompassing any Apple communications, with anyone, from any time frame, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ such an interpretation is improper and should be rejected outright.

Regarding Request Nos. 5, 6, 7, 8, 9, 10, 12, 13, 14 and 15, these Requests seek a vast array of Apple documents and analyses concerning the ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. (*Id.* at ¶ 2, Ex. 1.) By these Requests, Plaintiffs have ignored their obligation under Federal Rule of Civil Procedure 45 to avoid imposing an undue burden on a non-party and have violated the basic tenets of non-party discovery. Each demands "all" documents related to an overbroad, untailored category, and is overbroad on its face. *See Rankine v. Roller Bearing Co. of Am., Inc.*, Case No. 12-cv-2065-IEG (BLM), 2013 WL 3992963, at *3 (S.D. Cal. Aug. 5, 2013), *citing Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792, 813 (9th Cir. 2003) ("The subpoena should be tailored to request only information

1  reasonably necessary to address specific issues in the case."); *Horizon Holdings, L.L.C. v.*
2  *Genmar Holdings, Inc.*, 209 F.R.D. 208, 215 (D. Kan. 2002) (finding that requests to non-parties
3  that seek "any and all documents" are overly broad, vague, and ambiguous on their face).
4  Further, and as described in detail below, these Requests seek irrelevant and wholly
5  disproportionate discovery on non-party Apple. *See* Fed. R. Civ. P. 26(b)(1) Advisory Comm.
6  Notes (2015 Amendment) (explaining the Federal Rules of Civil Procedure require that all
7  discovery be "proportional to the needs of the case," a change that is designed to discourage
8  discovery overuse).

   1. ■■■■■■■■■■■■■■■■■■■■■ Are Irrelevant

  Non-party Apple's ■■■■■■■■■■■■■■■■■■■■■■■■■■■■ have scant, if any, relevance to ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■. Plaintiffs vaguely assert such documents are relevant to their damages and provide insight into the competitiveness of the challenged agreement. But Plaintiffs do not explain, for example, why ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■. Plaintiffs' conclusory assertions of relevance are insufficient. *See e.g., Lemberg Law LLC v. Hussin*, Case No. 16-mc-80066-JCS, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016) ("the party issuing the subpoena must demonstrate that the discovery sought is relevant"); *AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-cv-03393-YGR (JSC), 2014 WL 6706873, at *3 (N.D. Cal. Nov. 25, 2014) ("Defendants' conclusory statements regarding the relevance of the documents sought fail to satisfy their burden to demonstrate relevance.").

  Moreover, Plaintiffs have already received documents from Apple and the NFL sufficient to show ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■. (Stevens Decl.

1 at ¶¶ 9-12.) The current dispute concerns Plaintiffs' demands for additional Apple documents,
2 consisting █████████████████████████████████████████████████████████████████
3 ████████████████████████████████████████████████████████████████████████████
4 ████████████████████████████████████████████████████████████████████████████
5 ████████████████████████████████████████████████████████████████████████████
6 ████████████████████████████████████████████████████████████████████████████
7 ████████████████████████████████████████████████████████████████████████████
8 ████████████████████████████████████████████████████████████████████████████
9 ███████████████████████████. Plaintiffs' demands ██████████████████████████
10 should be denied. *See, e.g. Audio MPEG, Inc. v. HP Inc.*, Case No.16-mc-80271-HRL, 2017 WL
11 950847, at *5 (N.D. Cal. Mar. 10, 2017) (finding non-party's internal communications regarding
12 agreements and relationship with defendants irrelevant to plaintiff's antitrust claims).

   2. **Any Minimal Relevance of ███████████████ Is Disproportionate To and Vastly Outweighed By the Burden to Apple**

Even if Plaintiffs could demonstrate the relevance of ███████████████████, such a showing would not be sufficient to compel production. Rather, Plaintiffs must show that the relevance of and its need for the demanded documents exceeds the burden of production to Apple. *See Audio MPEG*, 2017 WL 950847, at *5 (quashing subpoena because the burden of producing the requested information is not outweighed by the benefit to the subpoenaing party of obtaining such information). Courts have nearly universally acknowledged that, "[w]hen balancing the relevance of a particular discovery request against the burden of production, 'special weight [should be given] to the burden on non-parties of producing documents to parties involved in the litigation.'" *Arista Records LLC v. Lime Group LLC*, Case No. 06-cv-5936 (KMW), 2011 WL781198, at *2 (S.D.N.Y. Mar. 4, 2011) (citations omitted) (denying motion to compel non-party licensees to produce internal communications regarding plaintiff licensor). ████████████████████████████████████████████████████████████████. *Compaq Computer Corp. v. Packard Bell Elecs., Inc.*,

1 | 163 F.R.D. 329, 335-36 (N.D. Cal. 1995) (emphasis in original). ███

2-10 | ████████████████████████████████████████████████

11 | ██████████████████. See *Duong v. Groundhog Enterprises, Inc.*, Case No. 2:19-cv-
12 | 01333-DMG-MAA, 2020 WL 2041939, at * 3 (C.D. Cal. Feb. 28, 2020) (subpoena requests
13 | were unduly burdensome where collection and review of documents would require participation
14 | of multiple employees across more than one business group).

15 | Further, ████████████████████████████████████████
16 | ████████████████████████████████████████ Decl. at ¶ 5.) ███
17-18 | ████████████████████████████████████████
19 | ████████████████. (*Id.* at ¶ 6.) ████████████
20 | ████████████████████████████████████████
21 | ████████████████████████ (*Id.*) ████████████
22-23 | ████████████████████████████████████████
24 | (*Id.*) ██████████████████████████████████
25 | ████████████████████████ (*Id.* at ¶¶ 7, 8.)
26-27 | ████████████████████████████████████████
28 | ████████████████████████████

3. <u>Plaintiffs Cannot Satisfy Their Burden of Establishing a "Substantial Need" for ■■■</u>

As detailed above, and which is not (and cannot be) disputed by Plaintiffs, ■■■ Plaintiffs thus have the burden of demonstrating not only relevance but a "substantial need" for these documents when moving for production in litigation. *See, e.g., Gonzales*, 234 F.R.D. at 684. Just as Plaintiffs offer only conclusory assertions of relevance (*see* Section III.B.1, above), Plaintiffs do not and cannot meet their burden to demonstrate their "substantial need" for ■■■ As such, Plaintiffs' demands ■■■ should be rejected. *SPS Techs., LLC v. Briles Aerospace, Inc.*, No. CV 18-9536 MWF (ASx), 2019 WL 13108018, at *1-2 (C.D. Cal. June 24, 2019) (quashing subpoena where movant did not meet its burden to demonstrate a substantial need for commercially sensitive information).

4. <u>The Risk of Competitive Harm to Apple Is Not and Cannot Be Adequately Addressed by a Litigation Protective Order</u>

Plaintiffs dismiss Apple's confidentiality concerns by pointing to the protective order entered in the litigation. While the existence of a protective order may mitigate concerns regarding disclosure of commercially sensitive information, it does not and cannot eliminate them. *See Realtime Data, LLC v. MetroPCS Texas, LLC*, No. 12CV1048-BTM MDD, 2012 WL 1905080, at *3 (S.D. Cal. May 25, 2012) (denying motion to compel, noting a non-party's "concerns regarding the security of its [produced information], despite the protective order, cannot be ignored"). This risk increases once such materials are disclosed to experts or reflected in expert reports or dispositive motions, and non-parties have virtually no insight into these disclosures nor any protection if either or both of the parties seek to de-designate the materials for use at a hearing or trial. *Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 530 (D. Del. 2002) (quashing subpoena, recognizing potential harm to non-party of producing commercially sensitive information notwithstanding outside counsel only provision of

protective order). Here, at a minimum, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (*see* Stevens Decl. at ¶ 19, Ex. 6), ▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

In view of the foregoing, Apple respectfully requests that the Court deny Plaintiffs' demand ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

### C. This Court Should Resolve This Motion to Quash Because Transfer of the Motion to the Central District of California Would Impose Further Burden on Non-Party Apple

Per Federal Rule of Civil Procedure 45, this Court — as the court in the district where compliance with the Subpoena is required — should address any Subpoena-related motion, unless it orders transfer of the motion to the court where the action is pending. Fed. R. Civ. P. 45(f). This Court may transfer a subpoena-related motion to the court where the action is pending either with the consent of the subpoenaed party or if the court finds "exceptional circumstances." Fed. R. Civ. P. 45(f). Here, Plaintiffs did not seek or obtain Apple's consent to transfer (*see* Stevens Decl. at ¶ 17), therefore transfer is only permissible if Plaintiffs establish that "exceptional circumstances" exist. See Fed. R. Civ. P. 45, Advisory Comm. Notes (2013 Amendments).

Plaintiffs cannot meet this significant burden. Leading up to this Motion, Plaintiffs have not identified any "exceptional circumstances" warranting transfer. Rather, Plaintiffs have cited the general proposition that MDL courts have jurisdiction to enforce subpoenas on out-of-district non-parties. (*See* Stevens Decl. at ¶ 4, Ex. 4.) But California district courts have found that MDL courts do not have jurisdiction to enforce document subpoenas on third parties where compliance is required in another district. *See In re Packaged Seafood Products Antitrust Litig.*, Case No. 15-MD-2670-JLS-MDD, 2018 WL 454440, at *2 (S.D. Cal. Jan. 17, 2018) (United States

District Court for the Southern District of California, as the court overseeing the MDL, refused to enforce a document subpoena where compliance was required in the Central District of California); *VISX, Inc. v. Nidek Co.*, 208 F.R.D. 615, 616 (N.D. Cal. 2002) ("Had Congress wanted to expand these [enforcement] powers to document subpoenas, it would have said so.").

Further, Plaintiffs have not cited any authority holding that they are excused entirely from the procedural requirements of Rule 45(f), or that the mere fact of an underlying MDL constitutes "exceptional circumstances" sufficient to warrant transfer. Plaintiffs have also not established that the Central District of California has, for example, "already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." *See* Fed. R. Civ. P. 45, Advisory Comm. Notes (2013 Amendments). Indeed, the one motion to compel non-party discovery of which Apple is aware that was addressed by the Central District of California in the underlying litigation was factually distinguishable from the instant Motion —[REDACTED]. Here, there are no pending or resolved motions before the court in the Central District of California that concern analogous non-party discovery, therefore there is no risk of inconsistent rulings to warrant transfer of the Motion.

Moreover, even if exceptional circumstances did exist, "transfer is only appropriate if such interests outweigh the interests of the nonparty in having the subpoena resolved locally." *Personalized Media Commc'ns, LLC v. Top Victory Elecs. (Taiwan) Co.*, No. 16-MC-80122-SK, 2016 WL 8542561, at *1 (N.D. Cal. Aug. 3, 2016) (citing Fed. R. Civ. P. 45, Advisory Comm. Notes (2013 Amendments)). Plaintiffs have not addressed or disputed Apple's interests in having the Motion resolved locally, in this District. As this Court has recognized, "local nonparties should be burdened as little as practicable by litigation in which they are not involved, and local resolution of the motion will typically impose a lighter burden." *Id.* at *2 (citing *Woods ex del. U.S. v. SouthernCare, Inc.*, 303 F.R.D. 405, 407-408 (N.D. Ala 2014)). This case is no exception —Apple is headquartered and based in this District, its declarant in support of this Motion is

located in this District, and ▓▓▓▓▓▓▓▓▓▓ (Stevens Decl. ¶ 20.) Apple would be unduly burdened by a transfer of the Motion to the Central District of California.

## IV. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court quash the Subpoena and refuse to enforce any request for Apple ▓▓▓▓▓▓▓▓▓▓.

Dated this 31st day of May, 2022      WALKER STEVENS CANNOM LLP

                                  */s/ Hannah L. Cannom*
                                   Hannah L. Cannom

*Attorneys for Non-Party Apple Inc.*