MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100/Fax: (310) 789-3150

SCOTT MARTIN (*Pro Hac Vice*)
smartin@hausfeld.com
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100/ Fax: (212) 202-4322

HOWARD LANGER (*Pro Hac Vice*)
hlanger@langergrogan.com
LANGER GROGAN AND DIVER PC
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Tel: (215) 320-5660/ Fax: (215) 320-5703

[Additional Counsel listed in Signature Page]

*Plaintiffs' Co-Lead Class Counsel*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION | Case No.: 3:22-mc-80140-DMR<br><br>(MDL Case No. 2:15-ml-02668-PSG (JEMx); pending in C.D. Cal.)<br><br>OPPOSITION TO APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL ANY HEARING ON ITS MOTION TO QUASH PLAINTIFFS' SUBPOENA<br><br>**REDACTED VERSION** |

None of the arguments offered by Apple in its motion to seal comes close to overcoming the "strong presumption" in favor of open access to court proceedings. *See, e.g.*, *Cntr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1134-35 (9th Cir. 2003).

To begin, Apple misstates the governing legal standard. As the party seeking to seal a judicial proceeding, Apple must present "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79 (internal citations omitted); *see also Cntr. for Auto Safety*, 809 F.3d at 1096 (same); *Foltz*, 331 F.3d at 1135 (same).

Apple, erroneously, contends it need only show "good cause." Not so. Apple claims the lesser good-cause standard applies because the judicial proceedings it seeks to keep secret "concern a non-dispositive discovery motion," whereas "the more stringent 'compelling reasons' standard [] applies to dispositive motions." Apple Inc.'s Administrative Motion to Expedite and Seal any Hearing on its Motion to Quash Plaintiffs' Subpoena, Dkt. 7, at 3 ("Motion to Seal").

But whether a motion is dispositive or not is not decisive. As the Ninth Circuit has made clear time and again, the question a court must ask when determining whether to seal a court proceeding related to a particular motion is "whether the motion at issue is more than tangentially related to the underlying cause of action." *Cntr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179; *Foltz*, 331 F.3d at 1134-36; *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213-14 (9th Cir.2002). Accordingly, so long as the motion at issue is at least tangentially related to the underlying cause of action, the party moving to seal the related proceedings must offer compelling reasons supported by specific factual findings to do so.

| | |
|---|---|
| 1 | [REDACTED] |
| 2 | [REDACTED] |

The core of Plaintiffs' case concerns a series of interlocking agreements between the NFL, its 32 member Clubs, and DirecTV. *In re NFL's Sunday Ticket Litig.*, 933 F.3d 1136, 1144-48 (9th Cir. 2019). Those agreements mandate that any football fan who wants to watch most regular season NFL games must purchase DirecTV's "NFL Sunday Ticket" package. *Id*. at 1143. Plaintiffs have alleged that that arrangement results, among other things, in monopoly pricing for NFL Sunday Ticket. *See* Consolidated Amended Complaint, No. 15-ml-02668 (C.D. Cal.), at ¶¶ 10-12, 19. For relief, Plaintiffs have sought monetary relief and an injunction that, if granted, would prevent any future distributor of NFL Sunday Ticket from perpetuating the types of arrangements Plaintiffs allege violate the antitrust laws. *Id.* at 57-58.

[REDACTED], as DirecTV's contract with the NFL nears its conclusion. [REDACTED], Apple's motion to seal must be assessed under the compelling-reasons standard.

Apple fails to satisfy that standard. Apple claims that any public hearing would risk exposure of its "confidential information, including highly sensitive commercial information." Motion to Seal, at 3. Throughout this litigation, however, Plaintiffs, the NFL Defendants, and other third parties have litigated a wide range of issues that implicate those same interests. And, in doing so, those parties have successfully balanced, *without* blanket orders to seal, the public's interest in accessing judicial

proceedings with the parties' interest in shielding from public view confidential information. For instance, Plaintiffs, the NFL, and various broadcast networks productively litigated a discovery dispute using a combination of public and *in camera* filings and judicial proceedings. Apple offers no specific factual basis for resisting that type of compromise.

Even if the Court were to determine that Apple's motion to quash is merely tangential to Plaintiffs' case, Apple has not demonstrated good cause to seal a judicial proceeding. To carry its burden of proving "good cause," Apple, as the party opposing disclosure, must show that it will suffer specific prejudice or harm if the sealing is not granted. *See Qualcomm Incorporated v. Apple Inc.*, 2021 WL 879817, at *2 (N.D. Cal. Mar. 9, 2021); *Pinn, Inc. v. Apple Inc.*, 2021 WL 4775969, at *1 (C.D. Cal. Sept. 10, 2021); *see also San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public"); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.") (internal quotation marks and citation omitted).

Apple has not established good cause here. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

*See, e.g.*, Peter King, "The 22 Most Influential NFL People This Season," NBCSports (June 6, 2022) (noting that "Apple TV has been aggressive in the bidding" for "NFL Sunday Ticket, which is in its last year on DirecTV"); William Gallagher, "Apple TV+ may get new NFL Plus service together with Sunday Ticket," Apple Insider (May 26, 2022) ("Alongside its existing sports service, Apple has been negotiating to buy the rights to the NFL's Sunday Ticket—and some reports say it already has."); Gavin Bridge, "How Apple Can Make Sunday Ticket Work," Variety (Apr. 25, 2022) ("If reports are to be believed, Apple is the successful bidder for the NFL's Sunday

3

Ticket package."); Matt Johnson, "Apple 'on the verge' of landing NFL Sunday Ticket, deal could be worth $2.5 billion per year," Sports Naut (Apr. 21, 2022) ("Apple is close to securing a deal for NFL Sunday Ticket . . . . [and] the belief is Apple is waiting to announce its acquisition of NFLST until the Worldwide Developer Conference."); Nick Selbe, "Report: Apple Likely to Acquire NFL Sunday Ticket After 2022 Season," Sports Illustrated (Apr. 18, 2022) (reporting that "[t]he tech streaming giant has already reached a deal for Sunday Ticket"); John Ourand, "Sources: Apple, Amazon front-runners for Sunday Ticket," Sports Business Journal (Feb. 28, 2022) ("It appears likely that Sunday Ticket will move exclusively to a streaming service in 2023, as several sources have described Apple and Amazon as the front-runners to get the NFL's out-of-market package."); Daniel Kaplan, "Sources: NFL prefers Apple for Sunday Ticket; package could offer more choices," The Athletic (Sept. 23, 2021) (reporting that "it's still early in the process, and sources say the NFL wants—or perhaps, better termed, hopes—Apple gets the out-of-market package"); *see also id.* (reporting also that a "source close to the league" conceded that "there is a ton of interest in this product . . . yes, Apple is one").

█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
████████████████████. Apple's broad and unsubstantiated allegations of harm are insufficient under the good cause standard.

       In short, Plaintiffs urge this Court to reject Apple's attempts to circumvent the Ninth Circuit's well-established presumptions in favor of judicial transparency. Plaintiffs request that the Court deny Apple's motion to seal any judicial proceeding related to its motion to quash Plaintiffs' subpoena.

| | |
|---|---|
| 1 | Dated: June 13, 2022 |
| 2 | Respectfully submitted, |
| 3 | By: /s/ Kevin Trainer |
| 4 | Kevin Trainer |
| 5 | Marc M. Seltzer (54534) |
|   | mseltzer@susmangodfrey.com |
| 6 | SUSMAN GODFREY L.L.P. |
|   | 1900 Avenue of the Stars, Suite 1400 |
| 7 | Los Angeles, CA 90067 |
|   | Tel: (310) 789-3100 |
| 8 | Fax: (310) 789-3150 |
| 9 | Arun Subramanian (*Pro Hac Vice*) |
|   | asubramanian@susmangodfrey.com |
| 10 | William C. Carmody (*Pro Hac Vice*) |
|   | bcarmody@susmangodfrey.com |
| 11 | Seth Ard (*Pro Hac Vice*) |
|   | sard@susmangodfrey.com |
| 12 | Tyler Finn (*Pro Hac Vice*) |
|   | tfinn@susmangodfrey.com |
| 13 | SUSMAN GODFREY L.L.P |
|   | 1301 Avenue of the Americas, 32nd Fl. |
| 14 | New York, NY 10019 |
|   | Tel: (212) 336-8330 |
| 15 | Fax: (212) 336-8340 |
| 16 | Ian M. Gore (*Pro Hac Vice*) |
|   | igore@susmangodfrey.com |
| 17 | SUSMAN GODFREY L.L.P. |
|   | 1201 Third Avenue, Suite 3800 |
| 18 | Seattle, WA 98101 |
|   | Tel: (206) 505-3841 |
| 19 | Fax: (206) 516-3883 |
| 20 | Armstead Lewis (*Pro Hac Vice*) |
|   | alewis@susmangodfrey.com |
| 21 | SUSMAN GODFREY L.L.P. |
|   | 1000 Louisiana, Suite 5100 |
| 22 | Houston, TX 77002 |
|   | Tel: (713) 651-9366 |
| 23 | Fax: (713) 654-6666 |
| 24 | Scott Martin (*Pro Hac Vice*) |
|   | smartin@hausfeld.com |
| 25 | HAUSFELD LLP |
|   | 33 Whitehall Street, 14th Floor |
| 26 | New York, NY 10004 |
|   | Tel: (646) 357-1100 |
| 27 | Fax: (212) 202-4322 |
| 28 | Christopher L. Lebsock (184546) |

clebsock@hausfeld.com  
HAUSFELD LLP  
600 Montgomery St., Suite 3200  
San Francisco, CA 94111  
Tel: (415) 633-1908  
Fax: (415) 633-4980  

Sathya S. Gosselin (269171)  
sgosselin@hausfeld.com  
Farhad Mirzadeh (*Pro Hac Vice*)  
fmirzadeh@hausfeld.com  
HAUSFELD LLP  
888 16th Street, N.W., Suite 300  
Washington, DC 20006  
Tel: (202) 540-7200  
Fax: (202) 540-7201  

Howard Langer (*Pro Hac Vice*)  
hlanger@langergrogan.com  
Edward Diver (*Pro Hac Vice*)  
ndiver@langergrogan.com  
Peter Leckman (235721)  
pleckman@langergrogan.com  
Kevin Trainer (*Pro Hac Vice*)  
ktrainer@langergrogan.com  
LANGER GROGAN AND DIVER PC  
1717 Arch Street, Suite 4020  
Philadelphia, PA 19103  
Tel: (215) 320-5660  
Fax: (215) 320-5703  

*Plaintiffs' Co-Lead Counsel*